UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


ERICA BROWN, ET AL                     )          CASE NO. 5:21-cv-02406-SMH-MLH
                                       )
                                       )
VERSUS                                 )          JUDGE S. MAURICE HICKS, JR.
                                       )
IRVING PLACE ASSOCIATES LP, ET AL)                MAG. JUDGE MARK HORNSBY
                                       )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF SUPPLEMENTAL AUTHORITY

In the few weeks since the Motion to Remand was filed in this case, at least nineteen more identical cases have been remanded for lack of subject matter jurisdiction. Those other district courts have reached the same determination, i.e., that the PREP Act is not a complete preemption statute. All of the new cases listed below arose from injuries or death of residents after contracting COVID-19 while living in a nursing home that acted negligently during the COVID-19 pandemic. The complaints all alleged that this negligence, including the failure to execute adequate COVID-19 protocols, provide proper COVID-19 training and use safety measures, caused the plaintiffs' suffering and/or death:

> *Martin v. Petersen Health Operations*, No. 1:20-cv-1449, 2021 U.S. Dist. LEXIS 180906, \*2-3 (C.D. Ill. Sep. 22, 2021): "The Court finds Defendant did not act under a federal officer and Plaintiff's well-pleaded Complaint presents no federal question," despite the defendants' three arguments: (1) plaintiff's claims were completely preempted by the PREP Act; (2) plaintiff's claims necessarily raise a substantial issue of federal law (i.e., an embedded federal question); and (3) plaintiff artfully pleaded her claims to avoid stating a necessary federal claim. "Thus, Defendant's removal of the case to federal court was inappropriate, and this case is remanded back to state court." *Id.*

*Hagoubyan v. KF Rinaldi, LLC*, No. 2:21-cv-06271-SVW-E, 2021 U.S. Dist. LEXIS 180223, *5 (C.D. Cal. Sep. 21, 2021): "Defendants offer three reasons that federal jurisdiction exists here: (1) Plaintiff's claims raise embedded federal issues; (2) the PREP Act is a complete preemption statute; and (3) the federal officer removal statute applies. These same arguments have been almost uniformly rejected in dozens of cases in this district to have considered the issue. For largely the same reasons, the Court also rejects them here and concludes that there is no basis for federal jurisdiction."

*Biglay v. Hacienda C.H., Inc*., No. 2:21-cv-05810-SVW-SP, 2021 U.S. Dist. LEXIS 180221 (C.D. Cal. Sep. 21, 2021): same.

*Turner v. Bristol at Tampa Rehab. & Nursing Ctr., LLC,* No. 8:21-cv-0719-KKM-CPT, 2021 U.S. Dist. LEXIS 178062, *27 (M.D. Fla. Sep. 20, 2021): "Considering that the PREP Act is fundamentally an immunity statute that does not permit claims to be brought in federal court (except for one narrow exception), the Court concludes that the PREP Act does not completely preempt [the plaintiff's] state-law claims, which do not inherently implicate substantial and disputed federal claims. Without complete preemption or the application of *Grable*, no basis for removal exists. The [defendants'] arguments are better suited for an ordinary preemption argument in state court—which can operate defensively but is subject to the well-pleaded complaint rule and does not permit removal. Accordingly, because [the plaintiff's] complaint does not raise any question arising under federal law, federal question jurisdiction is not implicated."

*Blackmon v. Vernon Healthcare Ctr*., No. CV 21-5608 DSF (JCx), 2021 U.S. Dist. LEXIS 175675, *2 (C.D. Cal. Sep. 15, 2021): "Defendants' argument seems to be that everything that happened at the facility was related to COVID-19 measures once COVID-19 became widespread. Whatever the breadth of the PREP Act may be, the Court is confident that general neglect leading to injuries such as those allegedly suffered by Plaintiff is not related to administration of "covered countermeasures" as meant by the Act."

*Sarnoff v. Silverado Senior Living, Inc.,* No. LA CV 21-00070 JAK (JPRx), 2021 U.S. Dist. LEXIS 174667, *16-21 (C.D. Cal. Sep. 14, 2021): "Because Plaintiffs' claims do not fall within the scope of the PREP Act, they do not raise a federal issue. Even if Plaintiffs' claims did fall within the scope of the PREP Act, that statute is not one of complete preemption. Instead, the PREP Act merely provides [Defendants] with a potential affirmative defense to Plaintiffs' claims," which "does not confer this Court with federal question jurisdiction. The federal regulations

cited by Defendants are not sufficiently detailed to warrant applying the federal officer removal statute."

*Ringo v. Silverado Senior Living, Inc.,* No. LA CV 21-01649 JAK (JPRx), 2021 U.S. Dist. LEXIS 174660 (C.D. Cal. Sep. 14, 2021); same.

*Piumetti v. Silverado Senior Living, Inc.,* No. LA CV 21-03488 JAK (JPRx), 2021 U.S. Dist. LEXIS 174675 (C.D. Cal. Sep. 14, 2021): same.

*Palamides v. Silverado Senior Living, Inc.,* No. LA CV 21-01526 JAK (JPRx), 2021 U.S. Dist. LEXIS 174671 (C.D. Cal. Sep. 14, 2021): same.

*Lebow v. Silverado Senior Living, Inc.,* No. LA CV 21-01548 JAK (JPRx), 2021 U.S. Dist. LEXIS 174721 (C.D. Cal. Sep. 14, 2021): same.

*Khorsandi v. Silverado Senior Living, Inc.,* No. LA CV 21-01503 JAK (JPRx), 2021 U.S. Dist. LEXIS 174665 (C.D. Cal. Sep. 14, 2021): same.

*Clack v. Silverado Senior Living, Inc.,* No. LA CV 21-03815 JAK (JPRx), 2021 U.S. Dist. LEXIS 174674 (C.D. Cal. Sep. 14, 2021): same.

*Apothaker v. Silverado Senior Living, Inc.,* No. LA CV 21-1509 JAK (JPRx), 2021 U.S. Dist. LEXIS 174718 (C.D. Cal. Sep. 14, 2021): same.

*Estate of Jones v. Beverly Healthcare, LLC,* No. 2:21-cv-05417-AB-AGR, 2021 U.S. Dist. LEXIS 174908, *6. (C.D. Cal. Sep. 14, 2021): "The overwhelming majority of district courts nationwide have likewise found that federal courts lack jurisdiction under these theories. That so many courts have ruled the same way is compelling. The Court explains below why it declines to follow the reasoning of *Garcia* and *Rachal*. Once again, the Court finds the weight of opinion of its sister courts persuasive, and accordingly this Order relies on them."

*Lollie v. Colonnades Health Care Ctr. Ltd.,* No. H-21-1812, 2021 U.S. Dist. LEXIS 172981, *7-8 (S.D. Tex. Sep. 13, 2021)[1]: "The majority of courts considering this issue have held that the PREP Act does not prohibit plaintiffs from bringing state-law tort claims based on alleged failures to use covered countermeasures or failures to implement appropriate safety protocols related to COVID-19, including failures

---

[1] This ruling arose within the Fifth Circuit, as does the case at bar.

to provide adequate levels of staffing and training to staff…Because the PREP Act does not foreclose state-law tort claims based on nonfeasance, courts have rejected attempts to remove failure-to-act claims to federal court under the complete preemption doctrine." Further, "no substantial federal question is implicated by state-law claims that do not fall under the PREP Act, and that the PREP Act is not an essential element of the state-law claims…[and the defendants'] argument does not show that [the defendant] acting under a federal officer or agency so as to trigger removal under § 1442(a)(1)." *Id*., *15-16.

*Cortez v. Parkwest Rehab. Ctr. LLC*, No. CV 21-05172 AB (ASx), 2021 U.S. Dist. LEXIS 168019 (C.D. Cal. Sep. 3, 2021): The court found that the defendant did not established that removal was proper based on the federal officer removal statute; the PREP Act does not completely preempt the claims herein, and thus provides no basis for removal of this action; and, the court does not have subject matter jurisdiction based on an embedded federal question under *Grable*.

*Martinez v. Spruce Holdings, LLC*, No. 1:21-CV-0739 AWI SAB, 2021 U.S. Dist. LEXIS 165231, *8-9 (E.D. Cal. Aug. 31, 2021) : Because the defendant was not acting under the direction of a federal officer, the attempted removal under § 1442(a)(1) is ineffective; the PREP Act does not completely replace state law claims like the plaintiff's related to Covid 19, nor does the PREP Act provide a substitute cause of action to the plaintiff's claims; the PREP Act merely supports a defense of federal preemption, which does not support federal question jurisdiction.

*Hedde v. Earlwood, LLC*, No. CV 21-6954-DMG (PVCx), 2021 U.S. Dist. LEXIS 166163 (C.D. Cal. Aug. 31, 2021): Three days after the case was removed, the court ordered the defendants to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. Despite the defendants' response, the federal court held "The PREP Act is not a complete preemption statute; it does not displace Plaintiffs' state law claims. Nor do Plaintiffs' state law claims raise a substantial federal issue giving rise to federal question jurisdiction under *Grable*. Plaintiffs here allege that the decedent's transfer from Senior Spring to The Earlwood after a positive COVID-19 test led to her deterioration and death. Plaintiffs also allege that Defendants did not properly train or supervise their employees. Defendants say these allegations relate to the use of face masks and COVID-19 testing kits, covered countermeasures under the PREP Act. To the extent that is true, however, immunity under the PREP Act is a defense, not a necessary aspect of Plaintiffs' state law claims." CACD Case 2:21-cv-06954, ECF No. 23, filed 09/15/21. The court also denied the defendants' request for jurisdictional discovery because "Whether Plaintiffs' claims relate to the use of

covered countermeasures under the PREP Act may be relevant to Defendants' potential assertion of immunity under the PREP Act. It is axiomatic, however, that federal jurisdiction cannot rest upon an actual or anticipated defense." *Id*.

*Dorsett v. Highlands Lake Ctr., LLC*, No. 8:21-cv-0910-KKM-AEP, 2021 U.S. Dist. LEXIS 165270, *2 (M.D. Fla. Aug. 31, 2021): The court held that the complaint does not raise a federal question and the PREP Act does not completely preempt the plaintiff's state-law claims. "The Court therefore lacks subject-matter jurisdiction and remands this case to state court. [The defendants] ask this Court to circumvent the jurisdictional prescriptions that Congress, in 28 U.S.C. § 1331, instituted in order to retain jurisdiction over this case. But neither precedent nor the text of the statute at issue gives this Court jurisdiction through the doctrine of complete preemption. And the Court will not aggrandize the scope of a federal statute to manufacture jurisdiction over non-diverse, state-law claims." *Id*. at *2.
.

**Respectfully submitted,**

**SALIM-BEASLEY, LLC**

*/s/ Robert L. Salim*
Robert L. Salim, LA Bar Roll # 11663
Barrett Beasley, LA Bar Roll #25984
1901 Texas St,
Natchitoches, LA 71457
(800) 491-1817 TELEPHONE
318-354-1227  FAX

Attorney for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that I have on this day filed the foregoing document with the Clerk of the

Court using the Court's electronic filing system, which sent notification of such filing to counsel

of record.

      This the 4th day of October, 2021.


                                   */s/ Robert L. Salim*
                                   Robert L. Salim